# Brazleton *v.* The State.

*Prosecution for Breaking Fences.*

1. *Prosecutions in County Court: affidavit and warrant of arrest; description of offense.*—In prosecutions before the County Court, the same particularity in describing the offense charged is not necessary as in proceedings by indictment: it is sufficient to designate the offense, both in the affidavit and in the warrant of arrest (Code, §§ 4702–03), either by name, or by some phrase which in common parlance describes it.

2. *Breaking fences; sufficiency of affidavit in describing offense.*—An affidavit

[Brazleton v. The State.]

which charges that the defendant "did unlawfully break and throw down a fence, the property of Thomas M. C.", contains a substantial description of the statutory offense (Code, § 4413), and is sufficient, without averring the failure to repair the break.

3. *Bail; competency as juror.*—A person who is bail for the defendant's appearance to answer the charge against him, is not competent to serve as a juror on his trial.

FROM the Circuit Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

This prosecution was commenced by a complaint under oath, made by Alexander Craft, before the judge of said County Court, stating that "affiant has cause to believe, and does believe, that before the filing of this complaint, and in said county of Madison, William H. Brazleton did unlawfully break down and throw down a fence, the property of Thomas M. Cobb; against the peace," &c. A warrant, or writ of arrest, was thereupon issued by the clerk of said court, commanding the arrest of the defendant " to answer a charge of destroying a fence, preferred by Alexander Craft." On the trial, as the bill of exceptions states, " the State challenged one George W. Butler for cause, on the ground that he was a security on the appearance bond of the defendant"; and the court having allowed the challenge, against the objection of the defendant, he duly excepted to the ruling. The jury having returned a verdict of guilty, the defendant moved in arrest of judgment, " because the complaint, which is the basis of the judgment, is insufficient in law, for the reason that it does not allege that said defendant failed immediately to repair such break, and negligently left such break unrepaired; and because said affidavit contains no charge of a violation of law." The court overruled the motion, and rendered judgment on the verdict. These two rulings of the court are now urged as error.

HUMES, GORDON & SHEFFEY, and WALKER & SHELBY, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The County Court is clothed with jurisdiction of misdemeanors committed in the county, and prosecutions for them are commenced originally by the affidavit of some person, that he has probable cause for believing, and does believe, that the party accused has committed a misdemeanor, designating it by name, or by some other phrase, which, in common parlance, designates it. The warrant for the arrest of the party charged conforms to, and describes the offense by, its designation in the affidavit.

(7)

Code of 1876, §§ 4702-3. The statute is intended to dispense with the particularity observed in indictments, deeming the designation of the offense by name, or by other equivalent phrases, sufficiently certain for all practical purposes.

The charge made in the affidavit is, that the appellant *did unlawfully break and throw down a fence, the property of Thomas M. Cobb.* The warrant of arrest is, to answer *a charge of destroying a fence, preferred by Alexander Craft,* the affiant. The words of the statute, upon which the judgment of conviction is founded, are : "Any person who, unlawfully, or maliciously, or negligently, breaks, throws down, or destroys any fence or other inclosure, the property of another, and who fails to immediately repair such break, and negligently leaves such break unrepaired," &c.—Code, § 4413. If the offense can have a name, by which it is known and distinguishable, it is, perhaps, *breaking fences,*—that employed in the syllabus, or abstract, prefixed to the statute creating and defining it. However this may be, the affidavit expresses the offense with convenient certainty, and it was not necessary that, descending into particulars, it should have negatived *the repair of the break* by the appellant. That was matter of defense, of which he could have full benefit on the trial.

Impartiality, freedom from bias or prejudice, capacity without fear, favor, or affection, a true deliverance to make between the accused and the State, the law demands as the qualification of a juror ; and it is as essential, as the impartiality of a judge. Relationship within certain degrees, whether of consanguinity or affinity, is an absolute disqualification. It is not only such relationship, but temporary relations, formed in the course of business, or in the intercourse of life, which may disqualify, whenever they may import a just belief of a want of impartiality—that a juror can not stand indifferent, either from interest, or from the favor springing out of the relation. The master is not a qualified juror for the trial of his servant ; nor the attorney for his client. Bail stand in a peculiar relation of confidence to the principal—have over him powers not conferred on any other species of sureties ; and, of itself, the relation imports confidence in, and favor to the principal. The purity of the administration of justice is preserved by excluding them from the jury-box, on the trial of the principal for the offense they have bound themselves he would appear and answer.—3 Whart. Cr. Law, § 3113.

We find no error in the record, and the judgment is affirmed.