# Henderson v. The State.

*Prosecution for Selling or Removing Property subject to Lien.*

1. *Act regulating trials of misdemeanors in Sumter county; practice under.*—The provision of the act regulating the trial of misdemeanors in Sumter county (Sess. Acts 1882-3, p. 214, § 8) requiring, where the prosecution is commenced by affidavit in the county court, that the affidavit state whether the offense was committed north or south of

[Henderson v. The State.]

the line dividing the county into two districts, is not mandatory, in the sense of taking away from the county court its jurisdiction of misdemeanors committed in any part of the county; and an objection in such a case based upon the failure of the affidavit to contain such statement cannot be raised by demurrer, but must be raised by a sworn plea, as prescribed by section 12 of said act; and if the defendant goes to trial without interposing such plea, the objection is waived.

2. *Landlord's lien for advances; right to acquire the lien not assignable,*—A landlord can neither relinquish nor transfer to another his right under the statute [Code, §3056] to acquire a lien on the crop, &c., of the tenant by making advances to the tenant.

APPEAL from the County Court of Sumter.

Tried before the Hon. W. R. DeLoach.

The prosecution in this case was commenced in the County Court by the following affidavit:

"Before me, W. R. De Loach, as judge of the county court, in and for said county, personally appeared Woodson S. Gulley, who, being by me duly sworn, says on oath, that he has probable cause for believing and does believe that before the making of this affidavit, Frank Henderson, with the purpose to hinder, delay or defraud affiant, who had a lawful and valid claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful and valid claim, verbal or written, did sell or remove personal property consisting of fourteen bushels of corn of the value of ten dollars, the said Frank Henderson having at the time a knowledge of the existence of such claim. [Signed] W. S. Gulley." To this complaint the defendant demurred on the following ground: "That the affidavit or complaint does not state whether the misdemeanor in this cause was committed in the Northern or Southern district of said county, as required under section 8 of an act passed by the legislature of Alabama at the session of 1882–83 (page 214), to regulate the trial of misdemeanors in said county, said section of said act requiring that the affidavit itself must show in which district of said county the misdemeanor was committed." This demurrer was overruled.

The defendant separately excepted to the refusal of the court to give each of the following written charges requested by him: "If the jury believe all the evidence in this case, you cannot convict the defendant on this

affidavit." "(2.) The court charges the jury that the written instrument attached to the mortgage (said written instrument being signed by Purk Henderson) does not, in itself, create W. S. Gulley the landlord of Frank Henderson." The defendant was convicted, and appeals.

SMITH & TRAVIS, for appellant, contended that the provision of section 8 of the act regulating the trial of misdemeanors in Sumter county is mandatory, citing *Grooms v. Hannon*, 59 Ala. 510; *Reese v. State*, 73 Ala. 18, and *Carlisle v. Godwin*, 68 Ala. 137; and that, on the facts, Gulley could not have a lien as landlord, citing 83 Ala. 266; 75 Ala. 44, 339.

Wm. C. FITTS, Attorney-General, for the State.

HARALSON, J.—1. Under the act regulating the trials of misdemeanors in Sumter county, (Acts 1882–3, p. 214, § 3) the county court has general jurisdiction within the county of prosecutions commenced for misdemeanors. Jurisdiction is conferred over such subjects-matter throughout the entire county. It is carefully provided therein, in what places the trial shall be had,—if the offense charged was committed south of the township line that divides township 20 and 21, at Gainesville, and if north of that line, at Livingston, unless committed within a quarter of a mile of that line, when they are triable either at Livingston or Gainesville. It is further provided that the clerk shall keep two separate dockets, on which he shall enter the misdemeanors to be tried at the one and the other place; and, in case the prosecutions have not been commenced in the county court, but on indictments found in the circuit court, the foreman shall endorse on them, "Committed in the Northern District," or "Committed in the Southern District," as the case may be; and, if the prosecution is commenced by affidavit in said court, the affidavit "shall state whether the offense was committed north or south of said township line." Section 12 provides, that "should any misdemeanor committed in the county be placed upon the wrong docket for trial, by mistake or otherwise, the defendant must take advantage of the same by a sworn plea to the juris-

[Henderson v. The State.]

diction of the court, before he goes to trial, else he shall be considered as having waived the same, and the court shall have jurisdiction to try such case; but should such plea be interposed and sustained, the cause shall not be dismissed, but the court shall thereupon transfer such case to the proper docket for trial.''

It is manifest, from what appears, that the jurisdiction of misdemeanors by this court, throughout the county, is not circumscribed, but that when such offenses are to be tried in said court, the place of trial is limited to the one or other of two places, owing to the fact whether the offense charged was committed north or south of a designated line; that these places of trial are designated for the convenience of the parties and the public; that the provisions of the statute about the two dockets required to be kept, the statement of the affidavit of arrest, as to which district the offense charged was committed, and the indorsements of indictments found for such offenses, of the districts in which the alleged offense was committed,—were all intended as precautions for personal and public convenience, and are not mandatory, in the sense of taking away from the county court its jurisdiction of misdemeanors committed in any part of the county; and this is made the clearer by said section twelve, quoted above, prescribing how a defendant must plead, if his case had been ''placed upon the wrong docket for trial, by mistake or otherwise.'' If he goes to trial without this plea, he waives his right as to the place of trial; but, if he pleads in the manner required, and his plea is sustained, the jurisdiction of the court is not ousted, and the cause dismissed, but it is simply to be transferred to the other place designated, and there stand for trial. It is a personal plea, like the case of one being sued on a contract out of the county of his permanent residence, against which a defendant may plead or not, and failing to plead, the jurisdiction of the court to try the case and render judgment cannot be questioned. The plea prescribed by statute, and not the demurrer interposed, was the proper practice.

2. The prosecutor, Gulley, was not defendant's landlord, but Purk Henderson, as was shown, was. A landlord, under section 3056 of the Code, has a lien "on all articles advanced, and on all property purchased with money advanced, or obtained by barter or exchange for

articles advanced, for the aggregate price or value of such articles and property." In this case, Gulley attempted to show, and the court must have so held to sustain the prosecution, that he as landlord advanced, and had a lien under the foregoing provision of the statute, on the corn defendant is charged with having unlawfully removed and disposed of. The land tenanted by defendant belonged to Purk Henderson, and it does not appear that Gulley had any interest or claim to it, or that he rented land to defendant. In order to make out his claim and prosecution, he introduced, as one of the steps, a mortgage by defendant to him on certain cattle, also, "on all of my (his) crop of corn, cotton, fodder and cotton seed, and other crops of all kinds, now being cultivated or which may be grown by me (him), * * during the year 1892." It was afterwards shown in evidence, by Gulley himself, that the only claim that he had to the corn in question was under said mortgage and note therein described, and the written agreement of Purk Henderson at its foot. There was no dispute about the fact, that the corn which defendant got was not raised in the year 1892; but it was old corn, furnished defendant by one Powell on the order of the prosecutor, on which he had no claim or lien of any character whatever. In order to show a lien, he introduced the agreement of Purk Henderson, defendant's landlord, written at the foot of said mortgage, that he, Purk, as landlord of defendant, would expect nothing from defendant but one bale of cotton of 500 pounds weight, concluding, "and I hereby waive in favor of W. S. Gulley all rights secured to me as landlord, except above rent." It is contended that this agreement of Purk Henderson is a written assignment of his lien as landlord to Gulley, which authorized him to take the place of, and as the landlord make advances to defendant as tenant, and acquire a lien under the statute on the articles advanced, just as the landlord himself might have had, if he had made the advances,—a proposition utterly untenable, for two of the best reasons, viz.: the agreement of Purk Henderson does not transfer or assign any right or interest of his to Gulley, but, as it states in terms, was a *waiver* simply of his claim as landlord to the crops that may be made by defendant on the rented land for 1892, except for one bale of cotton. This per-

mitted Gulley, under his mortgage, to advance and acquire a lien for the advances on all the crops, except for one bale of cotton,—a waiver very important for him to have; and secondly, "a landlord can neither relinquish nor transfer to another his right to make advances to the tenant; and thus vest in that other the lien which he could have asserted, had he made the advances." *Leslie v. Hinson*, 83 Ala. 268. His claim for rent and advances when made, may, however, be assigned, investing the assignee with his rights, and to all his remedies for their enforcement. Code, § 3059. But, that was not the case here. This mortgage and agreement were irrelevant to sustain the prosecution,—but, if considered, were of no avail.

The court should have given the general charge as requested for defendant.

Reversed and remanded.