# Louis v. The State.

*Prosecution for an Assault and Battery with a Weapon.*

1.  *Prosecution before justice of the peace; sufficiency of complaint and
affidavit.*—In a criminal prosecution before a justice of the peace,
technical accuracy in the description of the offense in the complaint
is not required; and the fact that the affidavit, after charging the
defendant with assault and battery with a weapon, added the words
"or affray," does not invalidate it.

2.  *Same; when returnable to and tried before the circuit court.*—Where
a prosecution is commenced before a justice of the peace for an
assault and battery with a weapon, committed in the district of Jef-
ferson county, of which the Bessemer Division of the circuit court has
jurisdiction, and is made returnable to the Bessemer Division of said
court, it is no objection to the affidavit that it did not aver that the
offense charged was committed in the district included in the Besse-
mer Division of the circuit court of Jefferson county, and the failure
to make such allegation does not vitiate the proceedings on the affi-
davit, nor prevent defendant's trial in the Bessemer Division of said
court.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The prosecution in this case was commenced by the
following affidavit, which was made in Jefferson county :
"Personally appeared before me, A. A. Harris, a justice
of the peace in and for said county, Leroy Louis, who
being duly sworn says on oath, that Richard Louis,
within twelve months before making this affidavit, in said
county did commit assault and battery with a weapon
or assault or affray on the person of Leroy Louis, against
the peace and dignity of the State of Alabama."    Upon

[Louis v. The State.]

this affidavit, A. A. Harris, the justice of the peace before whom it was made, issued the following warrant of arrest, which was duly signed by him: "To any lawful officer of said county—Greeting: You are hereby commanded to arrest Richard Louis and bring him before the circuit court of Bessemer, Jefferson county, at the next term of said court, to answer the State of Alabama of a charge of assault and battery with weapon or assault or affray, preferred by Leroy Louis."

On the case being called in the Bessemer division of the circuit court of Jefferson county, the defendant demurred to the affidavit upon the following grounds: 1st. That said affidavit does not show that the offense charged was committed in that portion of Jefferson county known as the Bessemer division of the circuit court. 2d. Said affidavit does not show that the court has jurisdiction to try the offense charged. 3d. That the affidavit does not charge any offense. This demurrer was overruled.

Upon the trial of the case, as is shown by the bill of exceptions, the State introduced evidence tending to show that the defendant assaulted Leroy Louis and beat him with a piece of iron in the city of Bessemer, which was within the jurisdiction of the Bessemer division of the circuit court of Jefferson county. The evidence for the defendant tended to show that he was not guilty as charged in the indictment.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the appellant was convicted of an assault and battery; and from this judgment he appeals.

B. M. ALLEN, for appellant.—The demurrers to the affidavit should have been sustained.—*Mays v. State,* 89 Ala. 37; *Smith v. Baker,* 80 Ala. 318; *Hornsby v. State,* 94 Ala. 63; Code of 1886, § 4378; 1 East. Plead. Crim. 341; 2 Bishop. on Crim. Pro., § 514.

WILLIAM C. FITTS, Attorney-General, for the State.—In presecutions by warrant no particularity is required. *Brazleton v. State,* 66 Ala. 96; *Sale v. State,* 68 Ala. 530; *Thomas v. State,* 107 Ala. 63; *Johnson v. State,* 73 Ala. 21; *McLeod v. McLeod,* 75 Ala. 483.

No defects in matters of form can avail where the pros-

ecution is by affidavit and warrant.—*Wilson v. State*, 99 Ala. 194.

HARALSON, J.—The affidavit and warrant for the arrest of the defendant in this case were in form and in accordance with the statute. The fact that the affidavit, after charging defendant with an assault and battery with a weapon, contained the added words "or affray," and that it did not charge the offense to have been committed in the Bessemer division of Jefferson county, has no vitiating effect in a proceeding of this character. Code of 1886, §§ 4204, 4205, 4259; *Johnson v. The State*, 73 Ala. 21; *Brown v. The State*, 63 Ala. 97; *Brazleton v. The State*, 66 Ala. 96; *Wilson v. The State*, 99 Ala. 194; *Henderson v. State*, 109 Ala. 40.

The affidavit for the arrest charged, that in the assault made, a weapon was used. The justice, thereofore, had no jurisdiction to try the defendant.—Code of 1886, § 4233.

In the act for the trial at Bessemer, by the circuit court of Jefferson county, of civil and criminal causes arising in that district, it is provided, that all warrants or writs of arrest, issued by justices of the peace, and notaries public *ex officio* justices of the peace, for the commission of misdemeanors arising or committed in said district, over which they have not final jurisdiction, shall be made returnable directly to the Bessemer division of said court; and the judge shall try both the law and facts in all cases of misdemeanors, without the intervention of a jury, except when trial by jury is demanded by the defendant in a manner therein precribed.—Acts 1894-95, p. 252, section 2.

The justice proceeded in issuing the warrant, conformably to the provisions of this act, the defendant gave bond when arrested for his appearance, was arraigned on said affidavit, tried by the court, no jury having been demanded, and was convicted, on the evidence, of an assault and battery.

The demurrer to the affidavit was properly overruled, being without merit.

We find no error in the proceedings, and the judgment of conviction of the court below is affirmed.