# Edwards *v.* The State.

*Indictment for Unlawfully Breaking down Fence.*

1. *Breaking down fence; sufficiency of evidence to warrant conviction.* Where an indictment charges that the defendant "unlawfully, mali-

[Edwards v. The State.]

ciously or negligently did destroy, throw down or break," certain panels of fence belonging to a certain named person, and failed to immediately rebuild or repair the same, and the evidence introduced on the trial establishes without conflict that, within twelve months before the finding of the indictment, in the said county, the defendant "unlawfully" broke a fence on the land of and belonging to the said designated person, and failed to repair or rebuild the same, a conviction is authorized, and the general charge is properly given in behalf of the State.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

The appellant, John Edwards, was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment that John Edwards unlawfully, maliciously or negligently did destroy, throw down, or break sixty pannels of fence or inclosure of William H. Bryan and failed to immediately rebuild or repair the same, against the peace and dignity of the State of Alabama."

Upon the introduction of all the evidence the court gave to the jury the following written charge, to the giving of which the defendant duly excepted: "If the jury believe the evidence beyond a reasonable doubt, they must find the defendant guilty."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—We find the evidence in this record to be without conflict in establishing that within twelve months before indictment found, in Barbour county, the defendant *unlawfully* broke a fence on the land of and belonging to W. H. Bryan and failed to immediately rebuild or repair the same. This makes out the case for the State and authorized the affirmative charge in its favor.—*Brazleton v. State*, 66 Ala. 96.

Affirmed.