24 So.2d 454

## LEACH v. STATE.

### 6 Div. 259.

Court of Appeals of Alabama.
Jan. 15, 1946.

Pennington & Tweedy, of Jasper, for appellant.

Wm. N. McQueen, Atty Gen., for the State.

CARR, Judge.

The appellant was indicted for assaulting a deputy sheriff with intent to murder him. The offense fixed by the verdict of the jury was assault and battery.

This is the second appeal of this case. See Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289.

On the former appeal this court and the Supreme Court reached the conclusion that a reversal should be predicated upon the fact that one of the jurors who was later accepted on the panel to try the defendant failed, on his voir dire examination, to disclose that he had prior thereto served as a deputy sheriff of the county.

Unusual as it may seem, substantially the same circumstances appear in the record of the instant case.

Before striking the jury, appellant's counsel asked, among other questions, whether or not any of the veniremen were at the time, or had been during the past ten years, policemen or deputy sheriffs. Fred Hardiman answered in the affirmative and was subsequently stricken by appellant's attorney. No response was made to the inquiry by any other prospective juror.

The name of L. C. Rye was not stricken, and he therefore was included on the panel which later convicted the defendant. It was disclosed on the hearing of the motion for a new trial that the said Mr. Rye was at the time of the trial the actual possessor of a paper in words as follows:
"The State Of Alabama,
"Walker County
"Know All Men By These Presents:
"That I, Powell Hamner, as Sheriff of Walker County, do hereby appoint and empower
L. C. Rye
as a Deputy Sheriff in and for said County.
"Given under my hand, this the 25th day of February, 1944.
Powell Hamner
Sheriff of Walker
"No. Curtesy         County, Alabama"

It was further made to appear by the evidence on the hearing of the motion that neither the appellant nor his counsel was apprised or knew of this fact until several days after the judgment of conviction was entered against the defendant. The motion for new trial properly presents the matter for review by this court.

Both the sheriff and the juror, Rye, testified on the hearing that the latter had not exercised any duties under the appointment in that he had not made any arrests or served any court papers. As applicable to the instant inquiry we cannot see how this inactivity would alter the situation.

We are forced to the conclusion that the case is brought in factual similarity and logical deductions under the influence of the holdings on the former appeal, cited

supra. In the opinion there written by Justice Simpson, then of this court, and Justice Foster of the Supreme Court, convincing reasons are set out for the decisions reached.

Other questions presented are not likely to arise on another trial of the case; therefore we will not discuss them.

We think that a proper regard for the legal rights of appellant demands a reversal of the judgment of the primary court.

Reversed and remanded.