84 So.2d 788

**Harold Wayne WALLIS**

v.

**STATE.**

**6 Div. 105.**

Court of Appeals of Alabama.

Oct. 11, 1955.

Rehearing Denied Nov. 22, 1955.

Bevill & Bevill, Jasper, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

BONE, Judge.

Appellant was tried in the City Court of Jasper, Alabama, on a complaint charging him with reckless driving. On a plea of not guilty trial was had before the court resulting in a judgment of guilty. A fine of $25 was imposed.

Appellant appealed from the judgment of the city court to the circuit court, and trial was there had de novo on a solicitor's complaint. Upon a plea of not guilty trial was had before the court and jury, resulting in a verdict of guilty, the jury fixing his fine at $400. Appellant's motion for a new trial was overruled.

Testimony adduced at the trial on behalf of the State tended to show that appellant was arrested at about 2:20 A.M., April 25, 1954, at a point on Highway 78 near Jasper. Appellant was driving his car in a westerly direction along the highway toward the city of Jasper when Highway Patrolmen R. P. Sorrell and T. E. Maxwell began to follow him. The officers testified that appellant's automobile "weaved" on the road, that once when topping a knoll the left wheels of appellant's automobile crossed the center line of the highway, and that he was travelling at a speed of between thirty and forty miles per hour.

Appellant was followed for approximately ¾ to 1 mile by the officers before he was stopped. The State's evidence as to appellant's stopping his car is conflicting. One patrolman testified that appellant stopped on the right side of the road and pulled over to the left side in front of a drive-in restaurant when asked to do so by the patrolman. The other patrolman testified that appellant pulled off to the left and parked in front of the restaurant in the first instance. Testimony indicated that there was not sufficient room to park on the right side of the road in safety.

Appellant was accompanied, at the time of the arrest, by a young lady. The State was allowed to introduce testimony, over appellant's objections, that both he and his companion were under the influence of intoxicants. The evidence also disclosed that appellant had been stopped by the same officers at a point some fifteen miles away about an hour earlier, but that he was not placed under arrest at that time.

Testifying in his own behalf, appellant stated that his automobile was not weaving, nor did it cross the center line at the time and place in question; that neither he nor his companion was under the influence of intoxicants at the time nor had they been during the evening and night in question. He testified further that the patrol car following him blinked its lights as a signal for him to stop, and that he thereupon gave the proper hand signal for a left turn and parked on the left side of the road in front of the restaurant.

Appellant's companion testified that she had been in the company of appellant for about seven hours at the time they were stopped; that they had been to Birmingham; that neither she nor appellant was under the influence of intoxicants at the time; and that she had observed appellant's driving and was observing it at the time they were stopped, and appellant had not weaved upon the road.

On the hearing of the motion for a new trial it was shown that before the taking of any testimony and prior to qualifying and selecting the jury for the trial of this cause the following questions were asked by the attorney for defendant:

"Are any of you acquainted with Highway Patrolman Red Sorrell? (Two jurymen answered in the affirmative.)"

"Do any of you know Highway Patrolman Sgt. Maxwell? (No answer.)"

"Do you or any of you hold a deputy sheriff's commission, or have you held a deputies commission in the past? (No answer.)"

"Does any member of your family hold a deputy sheriff's commission? (No answer.)"

"Is any member of your family a member of the State Highway Patrol, or hold any commission in connection with the Highway Patrol? (No answer.)"

Appellant then introduced evidence showing the following facts about the jurors, which facts were unknown to appellant and his counsel until after the trial. Guy Jackson held a deputy sheriff's commission at the time he served at appellant's trial. Virgil Mullinax had held a deputy sheriff's commission prior to the time he served as a juror on appellant's trial. Obie Guthrie held a courtesy card from the sheriff's office. T. R. Ryan, brother of juror Houston Ryan, held a courtesy card from the sheriff's office at the time that Houston Ryan served at appellant's trial. Howard McMillan's brother was a deputy sheriff at the time of trial. Newbern Appling was the son of Newbern M. Appling, now deceased, who had been a deputy sheriff.

Title 30, Sec. 52, Code 1940 provides that:

"In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."

One of the manifest purposes of this provision is to provide means whereby a party may be informed of the qualifications of the jurors, that he may exercise advisedly his peremptory challenges.

In the case of Leach v. State, 31 Ala.App. 390, 18 So.2d 285, 287, it was said concerning this section:

"Another principle equally sacrosanct is that every juror must stand indifferent to the verdict. 'Impartiality, freedom from bias or prejudice, capacity without fear, favor, or affection, a true deliverance to make between the accused and the State,

the law demands as the qualification of a juror * * *. It is not only such (family) relationship, but temporary relations, formed in the course of business, or in the intercourse of life, which may disqualify, whenever they may import a just belief of a want of impartiality—that a juror can not stand indifferent, either from interest, or from the favor springing out of the relation.' Brazleton v. State, 66 Ala. 96."

■ It is to be noted that in the instant case the State's evidence was based solely on the testimony of two law enforcement officers. This being true, we think that a deputy sheriff would stand less indifferent than a layman who had been free from professional influences. Neither do we think the appellant has the duty of showing injury as is required in certain cases by Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, the test being not whether appellant was thereby injuriously prejudiced but that he might have been. Roan v. State, 225 Ala. 428, 143 So. 454; Leach v. State, supra; Arrington v. State, 23 Ala.App. 201, 123 So. 99; Kabase v. State, 244 Ala. 182, 12 So.2d 766.

In the case of Dyer v. State, 241 Ala. 679, 4 So.2d 311, 313, the trial court disallowed answers to the following questions propounded by appellant on voir dire examination of the jurors: "Are either of you kin to any member of the police force of the City of Birmingham? Also, are either of you kin to the sheriff of this county or any deputy sheriff of this county?" Justice Livingston, speaking for the Supreme Court, there said: "It was not an abuse of discretion in refusing to allow answers to questions as general in character and scope as those set out above." He then stated that similar questions had already been answered by the prospective jurors relative to officers known to be witnesses or having other connections with the case.

■ We are of the opinion that a well-defined distinction exists between the Dyer case and the case now under consideration. It is to be remembered that in the instant case the questions were allowed and the answers concealed, whereas in the above cited case the questions were not allowed to be answered. We think that there is a difference between a case where a juror was not interrogated upon the subject, or where he admitted his identity and expressed the belief that he could lay aside any prejudice, and a case where a juror concealed his identity or answered falsely upon voir dire examination and entered upon the discharge of his duty as such juror.

The jurors here in question were not disqualified. However, the court having allowed appellant to ask the questions, we think he was entitled to true and honest answers. Leach v. State, supra; Leach v. State, 32 Ala.App. 248, 24 So.2d 454. Appellant should have been granted a new trial for the concealment.

■ Appellant introduced evidence on the motion for new trial concerning the membership of the jury panel from which appellant's jury was taken. It appears that on the day prior to the present trial the appellant was tried by a jury which acquitted him of the offense of illegally presenting a firearm. Following the verdict of not guilty, the judge trying the case rebuked the jury for not having returned a verdict of guilty. Seven of these jurors were on the panel of eighteen from which appellant's jury in the instant trial was chosen. Appellant's counsel testified that he had no knowledge of the trial court's action on the preceding day at the time this jury was chosen, but appellant did have such knowledge and recognized two or three of the prospective jurors as being the same jurors who had tried him the preceding day. However, neither appellant nor his counsel objected to these men prior to the trial, nor did they object to the number of jurors available for them to strike from. This should have been done in order to properly present a question for review.

For the reason pointed out, we are of the opinion that the judgment should be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

## On Application for Rehearing

The Attorney General's office has requested that the opinion heretofore written be extended to show that three jurors testified on the motion for a new trial. Guthrie and Jackson testified that they did not hear the question asked. Mullinax testified that he heard a question concerning the present holding of a deputy's commission, but that he did not understand the question to include commissions held in the past.

Opinion extended.

Application for rehearing overruled.