Appellant was indicted and convicted of murdering Louise Jurie Schultz[1] by drowning her in violation of Section 13A-6-2, Code of Alabama. Sentence was fixed at life imprisonment Appellant has at all times during this cause been represented by court-appointed counsel and has been furnished with a free transcript on this appeal. Appellant pled not guilty at arraignment, but the State's evidence presented at trial supports the jury verdict beyond any reasonable doubt
Twenty-three witnesses were called by the State. While we will not narrate the testimony of each witness, the State's evidence revealed that, between 6:00 and 7:00 p.m., on July 9, 1980, Mrs. Schultz was abducted from the Majik Market where she worked in Chattanooga, Tennessee, by appellant and Earl Allen Bailey, after the two men had robbed the store. Appellant and Bailey drove Mrs. Schultz across the Alabama State Line to a strip-mining pit in Jackson County where they drowned her. Mrs Schultz was last seen alive with appellant at the mining pit between 7:00 and 7:30 p.m. the night she was abducted. A State witness, unaware of Mrs. Schultz's situation at the time, testified that she "acted kind of scared, but she never said anything." Mrs. Schultz's body was discovered on July 11, 1980 There was evidence of a struggle at the murder scene. The mining pit was approximately a thirty minute drive from the Majik Market in Chattanooga, Tennessee
Appellant first argues that juror Marcus or Mark Anderson did not truthfully answer certain voir dire questions and that, because of this, he should be given a new trial. Testimony was taken on this issue at appellant's March 18, 1981, hearing on his motion for new trial. Appellant was represented by different appointed counsel at the hearing (counsel on appeal) that he was at *Page 1068 
trial. Appellant's trial counsel testified "from memory" that he asked prospective jurors two questions about the weight they would give to the testimony of a police officer
 "I first asked the venire if there were any members of the venire who would accord or give such weight to the testimony of a law enforcement officer — Federal, State, or local — as to be unduly persuaded or impressed. I believe I use the word `impressed,' and there was no response to that question
 "So I followed it with another question in which I asked if there were any member of the venire who felt that the testimony of a law enforcement officer — Federal, State, or local — presented in the case would render them unable to give a fair and impartial verdict at the conclusion of the trial."
Appellant's trial counsel stated that there was no response to either question and that juror Anderson did serve on appellant's jury
Appellant's trial counsel testified that he later had occasion to be present during the voir dire examination of the very next case tried after appellant had been convicted and that juror Anderson was, again, present on the jury venire Appellant's trial counsel stated that, during this time, he heard another attorney ask the venire "whether there were any member thereof who would give credence to or weight to the testimony of a police officer because of their experience in investigating facts so as to be unduly influenced or to be unable to render a fair and impartial verdict on the matter for trial." Appellant's trial counsel testified that juror Anderson responded affirmatively to the question. Juror Anderson did not assign a reason or cause for his response and he was not further interrogated
The foregoing facts are all that is contained in the record concerning what voir dire questions were asked and what responses, if any, were made by juror Anderson. These skimpy facts are clearly insufficient to constitute reversible error Plainly, it is the appellant's burden to see that the record is preserved. Substantial error is not presumed
Even assuming appellant properly preserved the record, which he did not, in none of the cases to which he refers us, Littlev. State, Ala.Cr.App., 339 So.2d 1071; Wallis v. State,38 Ala. App. 359, 84 So.2d 788 or Leach v. State, 31 Ala. App. 390,18 So.2d 285, was the questioned juror challenged "ex post facto" because of his response at a subsequent trial of a different defendant. In all of the cases cited above the complained of juror remained silent so as to conceal information at the very trial of the accused
There is no evidence whatsoever that juror Anderson's silence during the voir dire examination preceding appellant's trial was the least bit untruthful or was an attempt to conceal anything. Juror Anderson's regard for the testimony of law enforcement officers may well have changed after sitting through appellant's trial
To say that appellant "might have been prejudiced" based on juror Anderson's response at a subsequent trial of a different defendant would be sheer speculation and folly
Appellant next contends that State's exhibits 9 and 11, the deceased's dental x-rays which were used for comparison purposes in identifying the deceased, were erroneously admitted over improper predicate objections. There is no merit to this contention
Dr. William K. Warren testified that he had been the deceased's dentist and that exhibit 9 was an x-ray of the deceased's teeth taken in his office on October 6, 1978. Dr Warren testified that exhibit 11 was an x-ray "completed for Jerri Schultz by my friend, Bill — Dr. Shelton from the endodonic group" to whom he had referred her for service on a particular tooth. Dr. Warren had received exhibit 11 from Dr Shelton through the mail. Dr. Warren stated that exhibits 9 and 11 were kept as part of his records in the deceased's file. Dr Warren testified that he delivered the exhibits to the FBI and that the exhibits were in the same condition as the last time he saw them in his office *Page 1069 
Dr. Mario Martinez stated that he received exhibits 9 and 11 from the FBI and that he made a comparison of the x-rays with teeth of the deceased. "I found out that the teeth I was examining were identical to the dental records that the police gave me."
In the record appellant objected to exhibit 9 on the basis no proper predicate was laid to show that Dr. Warren knew that the x-rays "were taken of the person whom they were associated (sic) or the predicate laid that was necessary —." Appellant objected to exhibit 11 because "those are matters received through the mail by Dr. Warren and not shown to have any connection with his testimony or anything that he did for Mrs Schultz." These objections are confusing and can form no basis for the trial court being put in error for overruling them. The trial court must be apprised of the basis for objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved. Blend v. State, Ala.Cr.App., 395 So.2d 164
While objections cannot be raised for the first time on appeal, Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958), it appears that Ala. Code § 12-21-43 (1975), dealing with the admission of business records, was complied with fully. Dr Martinez certainly used exhibit 11 in making his comparisons In short, appellant's objections to the admission of these exhibits are groundless
Appellant alleges as his final argument that the State did not carry its burden of proof in proving the death of victim named in the indictment. The indictment reads "Louise Jurie Schultz." The victim was referred to in the record variously as Jerri Schultz, Louise Jerri Schultz, Jerri Louise Schultz and Louise Schultz. Without a doubt the State proved that the victim testified about throughout the trial was the same person named in appellant's indictment
Variance in the middle name is immaterial. James v. State,246 Ala. 617, 21 So.2d 847 and authorities cited therein. A mere inaccuracy, where the identity of the person named in the indictment with the one named in the evidence is established, is not fatal under the modern rule. House v. State, Ala.,380 So.2d 940, 943. Furthermore, there was no objection, plea, motion or demurrer filed contending that a fatal variance existed because of the misspelling of the victim's name in the indictment. Holloman v. State, Ala.Cr.App., 349 So.2d 131
Generally, a demurrer is necessary to raise defects in an indictment. Edwards v. State, Ala.Cr.App., 379 So.2d 336, cert denied, 379 So.2d 339 (Ala. 1980)
We have examined each issue raised in appellant's brief. In addition, we have searched the entire record and find no error In our opinion this appeal is wholly without merit. While appellant's first argument may be novel, it is at the same time unfounded
The judgment of conviction is due to be affirmed
AFFIRMED
All the Judges concur
[1] The victim's name was apparently Louise Jerri Schultz. This variance will be discussed later in this opinion.