299 So.2d 337

**J. C. RAY**

**v.**

**STATE.**

**7 Div. 304.**

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

Conrad M. Fowler, Jr., Columbiana, for appellant.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-petitioner appeals from a judgment of the Circuit Court of Shelby County denying his petition for writ of error coram nobis. Appellant, an indigent prisoner in the penitentiary, was indicted in Shelby County for murder, and on arraignment, pled not guilty and not guilty by reason of insanity. He was convicted by a jury on March 31, 1971, for murder in the second degree and sentenced to ninety-nine years imprisonment.

It further appears that the appellant was an indigent when he was tried in nisi prius and was represented by appointed counsel because of such indigency. He was also represented below and now here in this proceeding by appointed counsel. We infer that this coram nobis petition was prepared by someone in the penitentiary and not by appointed counsel.

Appellant's petition filed on November 26, 1973, presents two contentions for consideration here. These same contentions were heard in the lower court. They were: (a) that the State of Alabama denied him effective assistance of counsel in processing an appeal from his conviction; (b) that the State of Alabama failed to determine his mental competency to stand trial and further denied him expert assistance in the determination of his sanity when it was put in issue.

We have reviewed the entire evidence taken in the coram nobis hearing in the circuit court. We note the findings of fact by the trial judge who heard the evidence.

Petitioner became a patient at the Veteran's Administration Hospital, Birmingham, Alabama, on three different occasions as follows: 8–29–62 to 1–30–63; 5–10–65 to 6–7–65; and 4–24–68 to 5–29–68. On each occasion he was diagnosed to be suffering from (1) duodenal ulcer disease, and (2) passive, aggressive personality. He received treatment for the ulcer and examination with reference to his mental condition. He was discharged on 5–29–68, subject to further examination and treatment on an outpatient status.

The hospital records of appellant were introduced in evidence at the original trial when he was convicted; also on the trial of this petition in the court below. Two lay witnesses testified at the original trial, when he was convicted, as to appellant's mental condition. The jury was evidently not impressed with appellant's plea of insanity, for they found him guilty.

We do not think the evidence adduced in the instant proceedings is sufficient to raise "a bona fide doubt" in the mind of the trial court as to petitioner's competency to stand trial when he was convicted. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815.

There was no evidence adduced in the instant proceeding that petitioner needed or was entitled to special medical assistance in the evaluation of his mental condition at the time of the trial, when he was convicted. He did not seek the aid of sections 425, 426, and 428, Title 15, Recompiled Code 1958. He was content to rely on the testimony of two lay witnesses and the medical record established at the Veteran's Administration Hospital. He was convicted on March 31, 1971, and did not file his petition for writ of error coram nobis until November 26, 1973—a delay of more than two years.

Evidence here presented in the coram nobis trial fails to establish a history of serious mental conditions as in Pate v. Robinson, supra, and in Pierce v. State, (April 18, 1974) 53 Ala.App. 422, 293 So.2d 483, writ quashed, 292 Ala. ——, 293 So.2d 489.

There is no evidence which supports petitioner's contention that he was not represented at the original trial by competent counsel. The attorney had sixteen years experience and no doubt conscientiously advised the appellant that he had no just complaint of error in the trial of his case. We are unwilling to say that the evidence sustains petitioner's contention that he was not represented by competent counsel.

We are also unwilling, under the evidence in this proceeding, to hold that the trial court erred in its findings of fact that were adverse to petitioner's efforts to obtain a writ of coram nobis. We affirm the judgment denying the writ.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.