329 So.2d 111

Jerry **BUTTRAM**

v.

**STATE.**

**7 Div. 358.**

Court of Criminal Appeals of Alabama.

June 30, 1975.

David A. Rains, Fort Payne, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was charged in an indictment with murder in the first degree of James R. Williams. He pleaded not guilty and not guilty by reason of insanity. He was found guilty of murder in the second degree and sentenced to imprisonment in the penitentiary for twenty years.

No contention is made on this appeal that the evidence is not sufficient to support the verdict and judgment. Our review of the record convinces us that it is sufficient. It follows that an extended discussion of the evidence is unnecessary.

It is without dispute that deceased was killed by one, or both, of two bullets fired from a high-powered rifle while in the hands of defendant. An argument had ensued between defendant and Williams while they and others were at the home of defendant's mother. With Williams at the time was one Pete Culpepper. Williams and Culpepper left the house by the front door. Defendant obtained the rifle and went out the back. Defendant testified that Williams had stated "Ive got something out in the damn car for you." Defendant met Williams around the corner of the house. Defendant testified that Williams then said, "I'm going to kill you, you Goddam son-of-a-bitch" and that defendant then fired and hit Williams. Williams then retreated into the yard out of the sight of all except defendant. Defendant followed and went to Williams, where he was on his hands and knees as if he were looking for something in the grass. Defendant testified that Williams tried to pull the gun away from defendant and the gun discharged again. Defendant returned to the house and killed Pete Culpepper with the rifle. He then fled and voluntarily surrendered the next day.

Nine days before the commencement of the trial, defendant's attorney filed a motion stating that in his opinion defendant was then mentally incompetent to understand the proceedings against him or to properly assist in his own defense. The motion further alleged that the attorney had had discussions with many who knew defendant and that on the basis of such discussions the attorney was of the opinion that defendant was insane, that he should not be made to stand trial due to his mental incompetency, that he was without funds to obtain expert testimony with regard to his competency to stand trial and that his plea of insanity could not be properly presented without the order prayed for in the motion. The prayer was as follows:

"WHEREFORE THESE PREMISES CONSIDERED the Defendant, by and through his attorney, prays that this Honorable Court will, pursuant to Title 15, Section 426, et. seq., institute a careful investigation, call a respectable physician and other creditable witnesses, and, if necessary, call a jury, to determine the sanity of the Defendant."

Before commencement of the trial, defendant's attorney referred to the motion, and the court replied:

"The defendant's motion requesting an examination by a physician is denied."

Appellant's sole insistence on a reversal of the judgment appealed from is based upon the action or inaction of the trial court relative to its duty as prescribed by

Title 15, § 426, Code of Alabama 1940 (Recomp.1958), as follows:

"§ 426. . . . *Inquisition in certain cases of felony; proceedings.*—If any person charged with any felony be held in confinement under indictment, and the trial court shall have reasonable ground to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the fact of such sanity, such jury to be impaneled from the regular jurors in attendance for the week or from a special venire, as the court may direct. If the jury shall find the accused sane at the time of their verdict, they shall make no other inquiry, and the trial in chief shall proceed. If they find that he is insane at that time, the court shall make an order committing him to the Alabama state hospitals, where he must remain until he is restored to his right mind. When the superintendent of the hospitals shall be of opinion that such person is so restored he shall forthwith, in writing, inform the judge and sheriff of such court of the fact, whereupon such person must be remanded to prison on an order of such judge, and the criminal proceedings resumed. In no event shall such person be set at large so long as such prosecution is pending, or so long as he continues to be insane."

The cited section of the Code of Alabama and *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and *Pierce v. State,* 52 Ala.App. 422, 293 So.2d 483, cert. quashed 292 Ala. 745, 293 So.2d 489, have established standards we are required to follow to safeguard the constitutional right of a defendant to prevent his being tried for a criminal offense while he is incompetent to stand trial.

There was testimony pro and con on the question of defendant's insanity. There is little, if any, evidence to indicate that defendant's mental condition at the time of trial was different from what it was previ-

ously, particularly at or about the time of the commission of the alleged crime.

But for the difference between the test of a defendant's mental competency to stand trial and the test of his mental competency to commit the crime charged against him, it would logically follow, we think, that the verdict and judgment that in effect found against him on his plea of insanity, with which there is no complaint on the part of appellant and no disagreement on our part, should not be disturbed. But the tests are not the same. *Edgerson v. State,* 53 Ala.App. 581, 302 So.2d 556.

The State urges that the unsupported and unverified opinions of counsel as contained in the motion in this case are insufficient to furnish a basis for a bona fide doubt of defendant's competency to stand trial. We so held in *Moore v. State,* 52 Ala.App. 179, 290 So.2d 246. In *Moore,* however, we looked for and did not find any evidence sufficient to sustain the averments of the motion. Here, also, we should and do look to the entire record to determine whether there was sufficient evidence to require action by the trial court pursuant to defendant's motion and pursuant to Code of Alabama, Title 15, § 426.

The evidence on the trial of this case relative to the question of defendant's sanity presents, we think, a serious question whether the trial court should have had "reasonable ground" to doubt his sanity.

Difficulty in reaching a correct conclusion whether the trial court should have proceeded further than it did toward a determination of the mental competency vel non of defendant to stand trial is enhanced by the development on the trial that the defendant had been previously tried, approximately one year before the trial in this case, and convicted of the homicide of Pete Culpepper. This is brought to our attention in the record by a statement made by defendant's counsel immediately after the trial court's overruling of his motion considered above. Further reference was

thereafter made to the previous conviction. This fact gives rise to the natural suggestion of the probability that the trial court, the parties and their counsel were aware of facts, not shown by the record in this case, bearing on the question of the mental condition of defendant that all had the right to consider and conceivably did consider. Of course, each case should have been, as it doubtless was, tried on its merits without regard to the other case, but we do not understand that Title 15, § 426 of the Code requires the trial judge to close his eyes to information that has properly come to his attention, even though some information is not shown by the transcript on appeal. We are left in a state of wonder if there were facts that had properly come to the attention of the trial court that are not shown by the record on appeal that partly formed the basis for the ruling of the court. If so, we should have the benefit thereof.

We think the case should be remanded to the trial court for action substantially in accordance with the prayer of defendant's motion, that is, for a hearing and determination whether there is reasonable ground to doubt or a bona fide doubt on the part of the trial court of defendant's competency to stand trial at the time of trial and, if so, for a jury determination of the issue of his competency to stand trial. Thereafter, disposition adverse to appellant may be here reviewed by appellant's giving notice of his intention to ask a review and supplementing the present record on appeal with a transcript of the proceedings on remand. In that event, we will expect and welcome prompt briefs of parties in the usual order. In any event, the trial court shall notify this court of its final action on remand so that we may further proceed toward an affirmance or a reversal of the judgment as the results of further proceedings in the trial court warrant. *Pierce v. State, supra.*

The judgment of conviction is hereby suspended, and the cause is remanded to the trial court for a hearing and determination by it whether there is a bona fide or reasonable doubt of defendant's competency to stand trial and, if so, for a jury determination of the issue of competency to stand trial.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Judgment suspended; remanded with directions.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.