329 So.2d 114
**Jerry BUTTRAM**

v.

**STATE.**

**7 Div. 358.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Rehearing Denied Feb. 17, 1976.

David A. Rains, Fort Payne, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

PER CURIAM.

In compliance with our opinion and order suspending the judgment of conviction and remanding this case to the trial court with directions, the trial court has conducted a hearing for the purpose of determining whether there is reasonable ground to doubt or a bona fide doubt of defendant's competency to stand trial at the time of his trial.

The trial court's determination as shown by its order of October, 1975, is as follows:

"Pursuant to an order entered by the Court of Criminal Appeals on June 30, 1975, this court held a hearing on September 25, 1975 which was continued for completion to September 26, for the purpose of determining whether there is a reasonable ground to doubt or a bona fide doubt of the defendant's competency to stand trial at the time of the defendant's trial on December 19, 1974,

"In the interim between June 30, 1975 and the above-mentioned hearing, the defendant was admitted to Bryce Hospital by order of this court for examination and evaluation as to the defendant's competency to stand trial on December 19, 1974 and, additionally, his present competency to stand trial. As a result of such examination and evaluation, Dr. Jerold S. Lower, Clinical Coordinator, Forensic Program, at Bryce Hospital made a written report to this court stating that: 'It is the opinion of the Board (Forensic Evaluation Board) that, while Mr. Buttram has a long-standing personality disorder, there is no evidence of his having a degree of disturbance sufficient to destroy or impair his competency or his criminal responsibility, either presently or at any time in the past. He should be promptly returned to the judicial system.'

"This report of Dr. Lower, the lay testimony offered, and this court's own observations of the defendant during his court appearances convince the court that at the time this defendant was put to trial, he had an understanding of the proceedings against him and sufficient ability to communicate with his attorneys in preparing his defense. Accordingly, the court is of the opinion that the defendant was competent to stand trial and finds no reasonable ground to doubt such competency.

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by this court that there is no reasonable ground to doubt or a bona fide doubt of the defendant's competency to stand trial at the time of his trial.

"The Clerk of this court shall notify the Court of Criminal Appeals of this court's determination by placing a copy of this order in the United States mail to the Clerk of the Court of Criminal Appeals, Montgomery, Alabama.

"DONE THIS 1st day of OCTOBER, 1975."

A copy of the order was received by the Clerk of this Court on October 3. On Oc-

tober 15, we ordered a certified transcript of the proceedings, which was already en route, as shown by its being filed the same day.

Our review of the record convinces us that there was ample evidence presented at the hearing, attended by defendant and his attorneys, to support the determination of the trial court and that nothing in the record causes us to reach a different conclusion. There was some evidence of a "personality disorder" and at times a lack of cooperation by defendant with his attorneys, but little basis for concluding that there was any impairment of his competency to stand trial. It appears to us that he had "an understanding of the proceedings against him and an ability to communicate with his attorney(s) in preparing his defense," and that the trial court observed and applied all of the criteria approved in *Edgerson v. State,* 53 Ala.App. 581, 302 So.2d 556.

In view of the foregoing considerations and our previous opinion, the judgment of conviction and sentence appealed from should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.