Writ denied. In denying the writ we wish to make the following observations.
We agree with the Court of Criminal Appeals, 342 So.2d 28, that the best course is not to permit introduction of a lunacy report even in a competency hearing but that in the circumstances of this case, it was not error.
We do not wish to be understood as agreeing or disagreeing with the court's observation that it is "the ultimate responsibility of the trial judge to make certain that the appellant was able to understand the charge against him and that he was able to aid in his own defense." In this competencyhearing, a jury was empanelled to decide, and did decide, that petitioner was competent to stand trial. On this issue seePierce v. State, 52 Ala. App. 422, 293 So.2d 483, cert. quashed292 Ala. 745, 293 So.2d 489 (1974), and Buttram v. State,57 Ala. App. 422, 329 So.2d 111 (1975).
Thus, there being no dichotomy between trial judge and jury on the issue, this issue is not presented to us for decision.
We agree with the Court of Criminal Appeals that the disclosure in this case — a competency hearing — of the nature of the offense was not error.
We decline petitioner's invitation to overrule Parsons v.State, 81 Ala. 577, 2 So. 854 (1887).
WRIT DENIED.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.