First degree murder; sentence: life imprisonment.
On January 11, 1976, a Winston County Deputy Sheriff, Dennis Rowe, was shot to death while acting in the line of duty. Officer Chuck Thompson, the slain officer's partner, and Wendell Selvidge, an apparent bootlegging partner of the appellant, were eyewitnesses to the shooting. They testified that the appellant shot Officer Rowe without warning while Rowe had his hands in his pockets. The appellant took the stand in his own defense and claimed that someone standing behind him fired the shot that killed Rowe. Suffice it to say that the State put on sufficient evidence from which a jury might have found the appellant guilty. Morton v. State, Ala.Cr.App.,338 So.2d 423, cert. denied Ala., 338 So.2d 428 (1976).
The trial began on May 17, 1976, and ended May 20, 1976. The jurors were allowed to go to their respective homes on the nights of May 17, 18 and 19. The jury was *Page 1141 
also allowed to separate during recesses of the trial. The trial court's action in allowing the jury to separate was taken over the timely and proper objections of the appellant.
The rule of law concerning jury separation is set out inChristison v. State, 39 Ala. App. 175, 96 So.2d 701 (1957), as follows:
 "The settled rule in this State is that the separation of the jury pending trial for felony cases creates, prima facie, a cause for reversible error. When the fact of the separation is established the burden is on the State to affirmatively show that no injury resulted to defendant from the separation. . . ." (Citations omitted.)
On May 20, 1976, the appellant was convicted and gave notice of appeal. The appellant did not move for a new trial. In October 1976, approximately five months after the appellant's conviction, the trial court, sua sponte, ordered a hearing on the jury separation question. At the hearing, the trial court determined that no injury resulted to the appellant from the jury separations. The appellant objected at all appropriate times to the holding of the hearing contending the trial court had no jurisdiction over the appellant's case at that time.
It is elementary that the trial court erred by allowing the jury to separate without the appellant's consent. Christison, supra. We have not been cited nor have we found any authority for the hearing held by the trial court in October 1976. The trial court had no jurisdiction to hold such a hearing.
In Moving Picture Machine Op. Local No. 236 v. Cayson,281 Ala. 468, 205 So.2d 222 (1967), the Alabama Supreme Court stated the law in this regard very clearly:
 "§ 119, Title 13, Code 1940, provides that after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial, has been filed and called to the attention of the court and an order entered continuing the motion for hearing to a future day. . . ."
No motion for a new trial having been filed, the trial judge had lost all jurisdiction over the case on the date he attempted to correct the previous error. Also see: Title 7, § 252, Code of Alabama 1940; Title 15, § 382, Code of Alabama 1940; Biggs v. State, 46 Ala. App. 585, 246 So.2d 472 (1971); Rule 4 (b), A.R.A.P. Jury separation is not a subject covered by Rule 45, A.R.A.P., which deals with error without injury.Payne v. State, 226 Ala. 69, 145 So. 650 (1933); Schofield v.State, 45 Ala. App. 191, 227 So.2d 822 (1969), cert. denied285 Ala. 756, 229 So.2d 26; Lee v. State, 47 Ala. App. 548,258 So.2d 743 (1972).
While a motion for a new trial is one proper procedure to raise the question of improper jury separation, it is not the exclusive procedure. The adverse ruling of the trial judge to appellant's objection to separation is sufficient to preserve error for review on appeal. Title 15, § 389, Code of Alabama 1940.
There is hardly a more serious crime than the murder of a law enforcement officer acting in the line of duty. However, under our system of justice, where one is presumed innocent until proven guilty, even one accused of the murder of a police officer is entitled to a fair trial. Essential to the right to a fair trial is an impartial and unprejudiced jury. In a felony case, the accused's right to an impartial and unprejudiced jury is strengthened by the requirement that the accused must consent to any separation of the jury during trial.
Occasionally it is helpful to quote at length from another case where the philosophy of the law on a subject is well expressed. In Mitchell v. State, 244 Ala. 503, 14 So.2d 132
(1943) the Alabama Supreme Court (Bouldin, J.) stated:
 "Pending a trial for a capital felony, the jury should be kept together. During recesses of the court they should be under *Page 1142 
the care of a sworn officer. If held overnight, provision should be made in advance for their lodging and meals. They should not be permitted to separate, each going his own way, and choosing his own contacts. There rules are part of the law of criminal procedure sanctioned by the wisdom and experience of ages; safeguards against the hazards of outside contacts, which may, with no fault of the juror, so enter into his thinking as to influence his verdict unawares.
 "We cannot concur in any notion that we live in an enlightened age where human nature has changed, or a higher standard of conduct warrants an abandonment of safeguards written into the law because they are hoary with age.
 "In fact, the opportunities for contacts, as well as the means of molding public opinion on mere rumor and propaganda, are enhanced. The passion and ill-feeling among relatives and friends growing out of homicides, rapes, etc., are all here. This is not an age free from guile. Better stay by the ancient landmarks.
 "In passing upon the guilt or innocence of a citizen on trial for an offense involving his life of liberty, the juror is faced with a responsibility than which there is no greater among men. Charged with the finding of facts and the application of the law as given in charge by the court, any diversion which would tend to becloud his recollection of the testimony is to be avoided, so far as reasonable and practical.
 "Keeping the jurors together accentuates their sense of responsibility. Moreover, keeping them free from contacts which may be harmful makes for public confidence in the administration of justice, a matter not lightly to be regarded at any time."
The reason for such a rule is even more apparent in a case of this nature, tried in a small community in a volatile atmosphere and accompanied by much publicity. Here thepossibility of outside influence on the jury would have been substantial. However, had the trial court held its hearing on the effect of the jury separation before it had lost jurisdiction over the case, we could have considered that testimony. Because the action of the trial court came too late, it was a nullity and the testimony taken and decision rendered thereon cannot be considered as a part of the record on this appeal. Title 13, § 119, supra.
There is an alternative to reversing for a full new trial as the issue is whether or not the jurors were actually subjected to any improper influence during the periods when they separated. By remanding with directions to hold another such hearing, we may reinvest the trial court with jurisdiction to make a valid determination of this issue without the necessity of a retrial of the issue of guilt or innocence. Such a decision on our part may appear to be peculiar in that we would be requiring the trial court to do again that which it had already done, because procedurally we could not take cognizance of its prior hearing. However, it should be noted that the appellant's attorney took no part in the other hearing, rightfully contending that it was a nullity. In conferring proper legal authority on the trial court to again inquire into this matter, the appellant and his counsel would be afforded full opportunity to present evidence and cross-examine witnesses.
Based upon the authority of Jackson v. Denno, 378 U.S. 368,84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1963);Gutierrez v. State, Ala.Cr.App., 355 So.2d 1160 (1977); Baldwinv. State, Ala.Cr.App., 342 So.2d 940 (1977); and Buttram v.State, 57 Ala. App. 422, 329 So.2d 111, affirmed 57 Ala. App. 425, 329 So.2d 114, cert. denied 295 Ala. 394, 329 So.2d 116, we determine that the instant cause is to be remanded with directions for the trial court to hold an evidentiary hearing on the issue of whether or not any juror was subjected in any manner to outside influence prejudicial to the appellant. A transcript of the testimony of such hearing along with the ruling of the trial court thereon shall be filed with this Court in answer to the remandment for our further consideration.
REMANDED WITH DIRECTIONS.
All the Judges concur, except HARRIS, J., concurs in the result only. *Page 1143 
 After Remandment