BOWEN, Judge.
The appellant was indicted and convicted for the first degree murder of Diane Walby. Sentence was fixed at life imprisonment.
I
By motion for new trial the appellant raises the issue of the unlawful separation of the jury.
During the evening between the first and second day of the appellant’s trial the jury was allowed to separate before they were taken from Eutaw to Tuscaloosa, Alabama, where they spent the night in a motel. Officers of the Sheriff’s Department either took the jurors in small groups or followed the jurors to their homes to allow them to *40 get their clothes and take care of other business. A deputy waited outside while the jurors went in their homes to gather their belongings. One juror testified that she picked up her father from his work and took him home and then delivered some clothes to her children who were being kept by an aunt. Most of the jurors saw members of their families during the separation. No mention is made of any agreements for the jury to separate or of any local or special law permitting a temporary dispersal.
“There is no doubt that in Alabama a separation of the jury after the trial has been entered upon and before verdict, creates a ground for reversible error in favor of the defendant unless the State affirmatively shows that the defendant was not thereby injuriously affected. In other words, the separation of the jury does not establish an absolute right to have a mistrial declared or a new trial granted but prejudice must result therefrom in order for a new trial to be granted. The right of the defendant in this respect is only prima facie and when a separation is shown, the burden is on the prosecution to establish affirmatively that the separating jury or juror conversed with no one as to the defendant’s guilt and that no other influences were brought to bear on the jury or any of its members which might have biased their deliberations. Lynn v. State, 250 Ala. 384, 34 So.2d 602; Arnett v. State, 225 Ala. 8, 141 So. 699.” King v. State, 266 Ala. 232, 236, 95 So.2d 816, 819 (1957). (Emphasis added)
“To meet its burden in rebutting [a defendant’s] evidence showing a separation [of jurors], the State’s evidence must tend to show that each and every juror was free from influences.” Wright v. State, 38 Ala.App. 64, 70, 79 So.2d 66, 70, cert. denied, 262 Ala. 420, 79 So.2d 74 (1955).
At the hearing on the motion for new trial the appellant presented eleven jurors who testified to the fact of their separation. With ten of these jurors the State clearly and affirmatively established that during the separation they had not discussed the case. However the State did not establish that juror James Amerson conversed with no one affecting the appellant’s guilt and that no other influences were exerted on him which may have influenced or biased his verdict.
Additionally the appellant proved the separation of eleven jurors but presented no evidence on the whereabouts of the twelfth juror. The record appears to indicate that all the jurors were driven or taken to their homes to secure clothing and personal belongings. Under these circumstances it was incumbent upon the State to clearly show that no injury resulted from the separation of the twelfth juror.
In view of these facts we remand this case with instructions that a hearing be held to determine whether or not the separation of juror Amerson and the twelfth juror may have prejudiced the appellant.
II
The appellant contends that the failure of six jurors to make a proper response to questions regarding their qualifications to serve as jurors violated his right to a fair and impartial jury and his right to have jurors answer questions correctly and truthfully on voir dire examination.
In qualifying the prospective jurors the venire was asked the question, by both the court and defense counsel, whether or not any juror had read anything about the facts of the case. Though some veniremen responded, the appellant proved on motion for new trial that six of the jurors who tried and convicted the appellant had read an article about the homicide in the Greene County newspaper. Each juror who read the newspaper article also stated that his verdict was based on the evidence that came from the witness stand and each indicated, in one way or another, that the newspaper article did not influence his verdict in any way.
Though the defendant has a right to have questions answered truthfully to enable him to exercise his discretion wisely *41 m the use of his pre-emptory strikes, Sanders v. State, 284 Ala. 215, 219, 224 So.2d 247 (1969), in this State the rule is well settled that
“the failure of a juror to make a proper response to a question regarding his qualifications to serve as a juror, regardless of the situation or circumstances, does not automatically entitle one to a new trial. The proper inquiry in such cases is whether the defendant’s rights were prejudiced by such failure to respond properly. Sheperd v. State, 57 Ala.App. 35, 325 So.2d 551.” Radney v. State, 342 So.2d 942, 946 (Ala.Cr.App.) cert. denied, 342 So.2d 947 (Ala.1976).
See also McCaghren v. State, 52 Ala.App. 509, 294 So.2d 756, reversed on other grounds, 292 Ala. 378, 294 So.2d 766 (1973); Smithson v. State, 50 Ala.App. 318, 278 So.2d 766 (1973); Evans v. State, 38 Ala.App. 45, 78 So.2d 315, cert. denied, 262 Ala. 701, 78 So.2d 318 (1955). The test is not whether the defendant was prejudiced but whether he might have been. Little v. State, 339 So.2d 1071, 1072 (Ala.Cr.App.), cert. denied, 339 So.2d 1073 (Ala.1976); Wallis v. State, 38 Ala.App. 359, 362, 84 So.2d 788 (1955), cert. denied, 264 Ala. 700, 84 So.2d 792 (1956); Leach v. State, 32 Ala.App. 248, 24 So.2d 454 (1946).
The article was published on October 13, 1977. The trial of the appellant began on December 12, 1977. We have examined the news article which was made a part of the record. It is a fair and accurate account which substantially and briefly relates the same testimony Mrs. Eloise Sanders gave at trial. The article does not evoke prejudice against the appellant or elicit sympathy for the deceased. Under these circumstances we find that the appellant was not nor could it be reasonably said that he might have been prejudiced by the jurors’ failure to respond.
Ill
The trial court did not err in refusing to grant the request of the appellant for a continuance of his trial to allow preparation of his defense of insanity.
The homicide occurred on October 9,1977. On October 28th, counsel was appointed and the appellant was arraigned. At this time the appellant consented to an examination by the West Alabama Mental Health Center.
On November 4th, a hearing on the appellant’s motion for a determination of competency was held. The examination by Dr. Michael Haley, a psychologist and the Director of Judicial Services for the Mental Health Center, revealed that the appellant “does not have any active psychosis and does not have any significant psychological disturbance”. A friend of the appellant testified that the appellant suffered “blackouts” and needed psychiatric help. The appellant’s attorney testified that, although the appellant was able to communicate with him and knew what he was charged with, the appellant did not remember any of the incidents surrounding the homicide.
At the conclusion of the hearing the trial court declared the appellant competent to stand trial and specifically found that no evidence of incompetency had been presented. Although refusing to order the appellant transferred to one of the State hospitals for further psychological and psychiatric examination, the court offered to make doctors and psychologists from the West Alabama Mental Health Center available to the appellant at State expense. Defense counsel then requested these services and the court directed Dr. Haley to “make arrangements for these two doctors (an independent psychiatrist and an independent psychologist who performed services for the Mental Health Center) to see the defendant and administer all necessary tests in their discretion to determine his present mental state and his mental state at the time of the alleged offense”. Although the appointments were made and despite the fact that the examinations were to be conducted at State expense, the appellant later refused the services of these experts.
On December 5, 1977, the appellant requested a continuance “based on the need to obtain additional time for the defendant’s family to raise money to employ an *42 independent psychiatrist to evaluate the defendant”. The court denied this request in the following language.
“I’m not going to be able to continue the case. I appointed two independent psychiatrist,[1] who are in private practice, to see him and you refused to see them. I don’t know for what reason. I’ve done everything within my power to see that he got them. The State was going to pay for those. Now, you want me to continue it on the hopes that somebody might raise the money to hire someone that he wants to see. I’m going to deny your Motion for a Continuance.”
On December 12, 1977, the day regularly scheduled for trial, a written motion for a continuance was filed and a hearing was held thereon. Defense counsel presented a psychologist and a psychiatrist who could only testify that they had examined the appellant and additional testing was necessary before they could express an opinion on the appellant’s mental condition and his competency to stand trial.
After hearing the testimony and examining the appellant the court denied the continuance.
“(T)his case has been here for almost a month and a half, or two months, and at the same .... and I ordered Doctors to see him and you refused to have these Doctors see him. The Doctor that did see him, testified . . . Dr. Haley, who you don’t like, testified that he was competent, in his opinion, and that he did not need to be institutionalized; and I have appointed a Medical Doctor and a Psychologist ... for the West Alabama Mental Health to see him, and you refused to let him see them.”

“I don’t find anything to find that he’s not competent, based on the prior testimony, and based on observation and conversation with him, I think he’s competent to stand trial.”

“I don’t want to rush into a judgment. I’m just sitting here trying to listen to any testimony that would indicate that this man is not competent. I can not see anything that indicates to me that he’s not competent to stand trial as the law knows it.”

“I made a Doctor .... a Psychiatrist, a Psychologist . . . two Psychologist available. I understand you didn’t want them to see him because you were afraid they might be unfair. I made them available at the State’s expense; then you called somebody in Friday, the day before Monday’s trial, and they don’t indicate to me, from their examination, that he’s incompetent: they just say that they need more time to diagnose him. I’m going to deny your Motion for a Continuance; and I find him competent; and we’re going to go ahead and proceed with the trial. I certainly understand your position.”

“This case has been set for trial for over two months.”

“If I had some indication that this man was presently incompetent, I would certainly do it, but, I find, beyond any reasonable doubt, that this man is competent to stand trial. He knows the charges against him; he knows the penalty; he knows . . . he’s able to associate with reality and he’s ready to go to trial.”
The trial court was within its discretion in denying the motions for a continuance. Peterson v. State, 231 Ala. 625, 166 So. 20 (1936); Jarvis v. State, 220 Ala. 501, 126 So. 127 (1930); Campbell v. State, 257 Ala. 322, 58 So.2d 623 (1952); Veith v. State, 48 Ala.App. 688, 267 So.2d 480 (1972); Payne v. State, 48 Ala.App. 401, 265 So.2d 185 (1972), cert. denied, 288 Ala. 748, 265 So.2d 192 (1972); Ballard v. State, 51 Ala. App. 393, 286 So.2d 68 (1973). Where conflicting evidence is presented on the present *43 mental condition of the appellant, it is within the sound discretion of the trial court to deny the motion for a continuance in the aspect of the appellant’s mental condition at the time of trial. Rickard v. State, 283 Ala. 534, 219 So.2d 363 (1969). The reversal of a conviction because of the refusal of the trial judge to grant a continuance requires “a positive demonstration of abuse of judicial discretion”. Clayton v. State, 45 Ala.App. 127, 129, 226 So.2d 671, 672 (1969).
Here it affirmatively appears that the trial court did not abuse its discretion but afforded the appellant ample opportunity to obtain independent and free psychiatric examination. When the appellant refused examination by these experts — after an appointment had been made and after defense counsel had requested their availability — the court refused the requested continuance and properly so.
A defendant has no right to receive a mental examination as to his sanity whenever he requests one and, absent such a right, the trial court is the screening agent as to such requests. Pace v. State, 284 Ala. 585, 226 So.2d 645 (1969); Dixon v. State, 357 So.2d 690 (Ala.Cr.App.1978). Only when the evidence presents a sufficient doubt as to the defendant’s sanity is an investigation into his sanity required. Buttram v. State, 338 So.2d 1062 (Ala.Cr.App.1976); Gales v. State, 338 So.2d 436 (Ala.Cr.App.), cert. denied, 338 So.2d 438 (Ala.1976); Buttram v. State, 57 Ala.App. 425, 329 So.2d 114, cert. denied, 295 Ala. 394, 329 So.2d 116 (1976).
“Before the trial judge suspends the normal course of criminal proceedings and conducts a jury inquiry into the ‘fact of sanity’ there must come to his attention factual data, tending to show ‘reasonable ground to doubt (the accused’s) sanity’. The court has discretion to determine if the underlying factual basis said to exist does in fact exist, and whether such factual basis constitutes ‘reasonable ground to doubt (the accused’s) sanity’.” Brinks v. Alabama, 465 F.2d 446, 450, (5th Cir. 1972), cert. denied, 409 U.S. 1130, 93 S.Ct. 940, 35 L.Ed.2d 263 (1972).
Where the trial court finds that there are no reasonable grounds to doubt the accused’s sanity, the standard of appellate review is whether the trial judge abused his discretion. Pace v. State, 284 Ala. 585, 226 So.2d 645 (1969); Wheeler v. State, 47 Ala.App. 457, 256 So.2d 197 (1971).
In determining whether a reasonable doubt as to sanity exists, the trial judge may make investigation and hear evidence. Thomas v. State, 357 So.2d 1015, 1018 (Ala.Cr.App.1978). Here the trial judge did not err or abuse his discretion in failing to submit to a jury the issue of the appellant’s competency to stand trial because he specifically determined that there was no reasonable ground to doubt that competency. Thomas, supra.
The competence of an accused to stand trial is determined by whether at the time of the trial he has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and whether he has rational as well as factual understanding of the proceeding against him. Atwell v. State, 354 So.2d 30, 35 (Ala.Cr.App.1977), cert. denied, 354 So.2d 39 (Ala.1978). Inability to recall the events constituting the crime charged because of amnesia does not constitute mental incapacity or incompetency to stand trial. Thompson v. State, 364 So.2d 683 (Ala.Cr.App.), cert. denied, 364 So.2d 687 (Ala.1978).
The only expert to express his opinion on the sanity or competency of the appellant testified that the appellant was sane and competent. While there was evidence that the appellant had “emotional problems” this evidence was insufficient to raise a reasonable doubt of his sanity or competency to stand trial. The fact that additional psychological and psychiatric testing might have resulted in expert opinions of the appellant’s insanity and incompetency cannot be considered by this court because we are confined to the record before us. Wheeler, 47 Ala.App. at 459.
*44 The trial judge’s refusal to submit the issue of the appellant’s sanity to a jury was not arbitrary because it was made only after an adversary hearing and a judicial determination of the appellant’s competency to stand trial. That decision is supported by the evidence and will not be disturbed on appeal. Minniefield v. State, 47 Ala.App. 699, 704, 260 So.2d 607 (1972). See also Davis v. State, 53 Ala.App. 598, 302 So.2d 571 (1974); Schull v. State, 53 Ala.App. 735, 304 So.2d 239, cert. denied, 293 Ala. 773, 304 So.2d 242 (1974); Moore v. State, 52 Ala. App. 179, 290 So.2d 246 (1974).
After considering each and every assignment of error advanced on appeal this cause is remanded for a hearing in accordance with part I of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON REMAND
BOWEN, Judge.
In accordance with our instructions a hearing was held in the circuit court. Juror Amerson and the twelfth juror, Leona Cook, testified. Defense counsel cross examined each witness.
After hearing all the testimony the Court reached the conclusion that it was “convinced beyond a reasonable doubt and to a moral certainty that no prejudice occurred to the defendant by allowing the jury to separate”. The Court further found that “there was no prejudice whatsoever to the defendant in this case at all”.
The record fully supports the findings and judgment of the trial court. Therefore the judgment is affirmed.
AFFIRMED.
All the Judges concur.

. Actually the court appointed one psychiatrist and one psychologist.