ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
The appellee has timely filed an application for rehearing, including a request pursuant to Rule 39(k), Alabama Rules of Appellate Procedure, that this Court “find as facts from the record on appeal” ten pages of typed material from the transcript of the proceedings on the trial of this case that were contained in the brief of counsel for appellee on original submission of this cause on appeal. Some of the contents of the material that we are requested to “find as facts from the record on appeal” constitute direct quotations from some of the testimony, but some contents constitute the appellee’s version of some of the testimony on the trial. The requested material as to the evidence pertains exclusively to evidence presented on behalf of the State on the trial, and no explanation is made as to why no request is made for any of the evidence presented by defendant. Under all the circumstances shown, we deem it inappropriate for us to comply with the request of counsel for appellee pursuant to Rule 39(k).
The caption of the argument in brief of counsel for appellee in support of the application for rehearing is as follows:
“EX PARTE DANIEL DOES NOT MANDATE A REMANDMENT TO THE TRIAL COURT FOR AN EVIDENTIA-RY HEARING IN EVERY CASE WHERE A DEFENDANT ARGUES ON DIRECT APPEAL THAT HIS TRIAL COUNSEL WAS INEFFECTIVE.”
We did not state in our opinion on original submission that Ex Parte Daniel mandated a remandment for an evidentiary hearing in every case where defendant argues on direct appeal that his trial counsel was ineffective.
In the argument of counsel for appellee, it is stated that this Court “relies solely on Daniel without addressing whether the particular alleged deficiencies of trial counsel were of a nature which raised questions *772 of fact extraneous to the record on appeal.” Counsel for appellee attempts no explanation of said statement other than that which is discussed in the following paragraph.
Counsel for appellee argues in his brief in support of his application for rehearing that both Daniel v. State, 459 So.2d 933 (Ala.Crim.App.), remanded with directions, Ex parte Daniel, 459 So.2d 942 (Ala.), on return to remand, Daniel v. State, 459 So.2d 943 (Ala.Cr.App.1982), affirmed, Ex parte Daniel, 459 So.2d 948 (Ala.1948), cert. denied, 471 U.S. 1009, 105 S.Ct. 1878, 85 L.Ed.2d 170 (1985), and the more recent case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), were death penalty cases or capital cases, and for that reason counsel for ap-pellee apparently insists that they should not be relied upon as authorities for what we have held in the instant case on original submission. We are not in agreement with the argument of the appellee’s attorney in this respect. To the contrary, the Sixth Amendment to the Constitution of the United States provides that “In all criminal prosecutions” an accused “shall enjoy the right ... to have the assistance of counsel for his defense.”
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court with the instruction that an evidentia-ry hearing be conducted on the issue of whether the appellant received effective assistance of counsel at trial.[1] Pursuant to this Court’s order, the trial court held an evidentiary hearing, after which it issued a thorough findings of fact addressing each of the 19 instances of trial counsel’s error averred in the appellant’s brief. The court concluded that the appellant was adequately represented by trial counsel and noted that, in making its findings of fact, it gave consideration to the following: the appellant’s complete juvenile court file, the circuit court, file, the record on appeal, and the court reporter’s transcript of the evi-dentiary hearing, including the exhibits admitted at that hearing.
In order to establish a claim of ineffective assistance of counsel, a defendant must prove, first,
“that counsel’s performance was so deficient as to fall below an objective standard of reasonableness. Counsel’s conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct. Second, petitioner must show that counsel’s deficient performance prejudiced the defense and deprived petitioner of a fair trial. Prejudice is shown when, absent the errors, there is a reasonable probability that the jury would have had a reasonable doubt respecting guilt.” Ex parte Baldwin, 456 So.2d 129, 134 (Ala.1984), affirmed, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985), applying the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The Strickland Court held, inter alia:
“[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable, professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” 466 U.S. at 689, 104 S.Ct. at 2065.
The Court added:
“An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.... [A]ny deficiencies in counsel’s performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.” 466 U.S. at 691-92 [104 S.Ct. *773 at 2066-67]. See also Ex parte Lawley, 512 So.2d 1370 (Ala.1987).
Additionally, in determining the existence vel non of prejudice, the Supreme Court held in Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2586-87, 91 L.Ed.2d 305 (1986), that a court must consider the totality of evidence before the judge or jury.
Appellant first argues that trial counsel, by agreeing with the district attorney’s office to stipulate as to a probable cause finding in his hearing that led to his certification to stand trial as an adult, made it unnecessary for the State to produce evidence showing probable cause. Appellant therefore contends that this denied him the right to test the weight and strength of the State’s case against him. This Court, however, notes that in exchange for that stipulation, defense counsel was afforded a much better opportunity to study the State’s evidence against him than would have been provided by a bare-bones probable cause hearing. For example, counsel was allowed lengthy interviews with the victim and with the primary police investigator, Detective Crumrine. Counsel was also permitted to review Detective Crumrine’s file in its entirety, as well as the district attorney’s file and intake sheet, and was permitted to make copies of requested documents. Further, counsel testified at the evidentiary hearing that he had discussed in detail with the appellant his decision to stipulate to a finding of probable cause before agreeing to the stipulation.
Moreover, we note that a finding of probable cause did not mandate the appellant’s transfer from juvenile court to circuit court for a criminal prosecution as an adult. Rather, a finding of probable cause is only one of the factors to be taken into consideration. Code of Alabama (1975), § 12-15-34(f). A juvenile court judge “can grant a motion to transfer only after considering the six factors in § 12-15-34(d) and expressly finding that there is probable cause to believe the allegations or charges against the child are true.” Duncan v. State, 394 So.2d 930, 932 (Ala.1981) (emphasis supplied). Thus, it is clear that the appellant’s certification resulted from the decision of the juvenile court judge, after having considered all the factors required by statute, not simply his attorney’s stipulation to a finding of probable cause. It is, therefore, the opinion of this Court that the appellant has failed to show that trial counsel’s agreement to the stipulation fell below the objection standard of reasonableness set forth in Strickland v. Washington, supra. Even if error had resulted from the trial counsel’s agreement to stipulate, the appellant has failed to show that, but for counsel’s stipulation, the result of the certification hearing would have been different. See Ex parte Lawley, supra, at 1372.
The appellant contends that trial counsel’s failure to appeal his certification by the juvenile court deprived him of effective assistance of counsel. Neither the Supreme Court nor the Court of Criminal Appeals will interfere with the transfer order of the juvenile court unless it is “clearly erroneous.” Whisenant v. State, 466 So.2d 995, 998 (Ala.Cr.App.1984), rev’d on other grounds, Ex parte Whisenant, 466 So.2d 1006 (Ala.1985), citing Williams v. State, 361 So.2d 1157 (Ala.1978). The appellant fails to offer any evidence that the juvenile court’s transfer order is “clearly erroneous.” Accordingly, the appellant has failed to make a showing of prejudice as required by Strickland, supra, 466 U.S. at 694, 104 S.Ct. at 2068.
The appellant next argues that trial counsel’s performance was deficient because counsel failed to make a motion to suppress evidence obtained in the search of his bedroom. The appellant contends that this evidence was inadmissible, inasmuch as the search itself, he says, was the product of an involuntary confession.
The search of the appellant’s bedroom was made by officers Crumrine and Davis after the appellant executed a form giving his consent to the search. The law is clear that a person may waive Fourth Amendment protections by consenting to a war-rantless search. Schneckloth v. Bustamonte, 412 U.S. 218, 222, 93 S.Ct. 2041, *774 2045, 36 L.Ed.2d 854 (1973); Lott v. State, 456 So.2d 857 (Ala.Cr.App.1984). To introduce evidence so obtained, the prosecution must establish that consent was freely and voluntarily given. Sckneckloth, supra, 412 U.S. at 248, 93 S.Ct. at 2058; Smith v. State, 401 So.2d 251, 255 (Ala.Cr.App.1981), cert. denied, Ex parte Smith, 401 So.2d 257 (Ala.1981). Courts must consider the totality of the circumstances to determine the voluntariness of the consent. United States v. Mendenhall, 446 U.S. 544, 557, 100 S.Ct. 1870, 1878, 64 L.Ed.2d 497 (1980); Holmes v. State, 342 So.2d 28, 33 (Ala.Cr.App.1976), cert. denied, Holmes v. State, 342 So.2d 36 (Ala.1977). Factors relevant to this determination include the circumstances under which the defendant came into custody, the defendant’s awareness of the right to withhold consent, the defendant’s performance of cooperative acts, the defendant’s age, intelligence, and education, and the nature of police behavior. Project: Criminal Procedure, 74 Geo.LJ. 550-51 (1986) (and cases cited therein). The burden of proof borne by the prosecution in proving a valid consent is no greater than proof by a preponderance of the evidence. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). See also C. Gamble, McElroy’s Alabama Evidence, 1334.01(3)(b), 3d ed. (1977).
Although he testified to the contrary, the trial record indicates that the appellant voluntarily accompanied Officer Davis to the police station, where he signed the consent to search form, and that he was not under arrest at that time. Before signing the consent to search form, the appellant was also advised of his Miranda rights. While the appellant also testified that, before he executed the form, he was told by the officers they would get a search warrant if he did not consent to the search, this testimony is contradicted by the great weight of the evidence in this case. Other indicia of voluntariness are the fact that the appellant was a veteran of the juvenile justice system and the fact that he assisted the police in the search.
The State clearly established the volun-tariness of the appellant’s consent to the search. Trial counsel’s failure to file a motion to suppress evidence resulting from the search was an exercise of reasonable professional judgment, and it cannot be viewed as a deficiency in professional performance as contemplated by Strickland, supra.
The appellant, finally, contends that trial counsel erred by failing to file a pretrial motion to suppress his confession, and by failing to object to the introduction of the confession into evidence at trial. The appellant argues the confession was inadmissible because the arresting officers failed to advise him of the right to communicate with a parent or guardian, pursuant to Rule 11(A)(4), Alabama rules of Juvenile Procedure, and Ex parte Whisenant, 466 So.2d 1006 (Ala.1985).
“Rule 11(A)(4) provides that when a child is taken into custody he must be informed of his Miranda rights and in addition be told that ‘[i]f his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that if necessary, reasonable means will be provided for him to do so.’ ” Payne v. State, 487 So.2d 256, 257 (Ala.Cr.App.1986), quoting Ex parte Whisenant, 466 So.2d 1006, 1007 (Ala.1985). “If this warning is omitted, ‘the use in evidence of any statement given by the child is constitutionally proscribed.’ ” Payne, 487 So.2d at 257, quoting Whisenant, 466 So.2d at 1007.
A review of the record indicates that both Detective Crumrine and Investigator Davis testified that, prior to questioning the appellant, Davis read him his Miranda rights.
It is clear to this Court, inasmuch as both police officers failed to specifically apprise the appellant of his rights to speak to his parents or guardian, that his confession was improperly admitted into evidence. Counsel’s failure to attempt to suppress the confession therefore constitutes “professional error” as defined by Strickland, supra. However, even without the confession, more than sufficient evidence existed in this case to support the appellant’s conviction. It is therefore the opinion of this Court that the appellant has failed to satis *775 fy the “prejudice” prong of the Strickland test for inadequacy of counsel.
The appellant also raises other arguments in furtherance of his claims. However, the record is devoid of any evidence that would support these contentions.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur with BOWEN, P.J., concurring in result only.

. This cause was originally remanded by this Court with an opinion by Judge Leigh Clark. It was reassigned to Judge McMillan on February 15, 1988.